IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENVILLE DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br>for the use of H2O PRUF, LLC,<br>a Tennessee Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>ADVON CORPORATION,<br>a Florida Corporation, and<br><br>HARTFORD CASUALTY INSURANCE<br>COMPANY, an Indiana Corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>NO. 2:23-cv-178<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COMES Plaintiff H2O PRUF, LLC ("Plaintiff"), by and through its undersigned attorneys, and complaining of Defendants ADVON CORPORATION ("ADVON") and Hartford Casualty Insurance Company ("Hartford") (collectively, "Defendants"), and hereby alleges and states as follows:

### INTRODUCTION

1. This is an action under the Federal Miller Act 40 U.S.C § 3131, *et. seq.* ("Miller Act") to recover amounts owed to Plaintiff, who "supplied labor and material in the prosecution of the work provided for" on a federal project. Specifically, this lawsuit arises out of certain construction and related improvements that Plaintiff performed, as a first-tier subcontractor for ADVON, as a general contractor, in connection with a federal construction project known as the "21-01 VA Expand Parking Garage & Overhead Walkway" ("Project"), which is located in Johnson City, Tennessee. Plaintiff's claims arise from ADVON' failure to pay Plaintiff for the work, labor, materials, and equipment that Plaintiff performed on the Property in connection with this federal construction project.

Capps & Byrd LLP
Morristown, Tennessee

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff is a limited liability company organized and existing under the laws of Tennessee. Plaintiff maintains an office and place of business located in Morristown, Tennessee.

3. Defendant ADVON, upon information and belief, is a foreign corporation that is organized and existing under the laws of Florida. ADVON, upon information and belief, is a general contractor and is in the business of providing general contracting and construction services in Tennessee and other states.

4. Defendant Hartford, upon information and belief, is a foreign corporation that is incorporated and existing under the laws of Indiana. Hartford, upon information and belief, is engaged in the business of writing and issuing bonds. Hartford, upon information and belief, maintains an office located in Hartford, Connecticut.

5. This Court has exclusive jurisdiction over this action, pursuant to the Miller Act, over actions on Miller Act Bonds and claims that arise out of federal construction projects.

6. This Court has supplemental jurisdiction over Plaintiff's other state law claims under 28 U.S.C. § 1367(a) because those claims arise out of the same transactions and occurrences so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

7. This Court has personal jurisdiction over Defendants.

8. Specifically, Defendants have substantial and general local contacts with Tennessee relating to and giving rise to Plaintiff's claims. Specifically, upon information and belief:

    a. Defendant ADVON' officers, agents and/or employees initiated communications with Plaintiff located in Tennessee, by telephone, email and other written correspondence in connection with the contract, the Project at issue in this lawsuit;

    b. Defendant ADVON' officers, agents and/or employees participated in conference calls and emails with Plaintiff in Tennessee to discuss and negotiate the contract and/or the Project at issue in this lawsuit;

    c. Defendant ADVON is authorized by the Tennessee Secretary of State to do business in Tennessee, and it does in fact engage and transact business in Tennessee;

    d. Plaintiff provided work, labor, materials, and equipment for the benefit of Defendant ADVON in Tennessee;

  e.  The contract at issue between Plaintiff and Defendant ADVON was entered into in Tennessee and is governed by Tennessee law;

  f.  Defendant Hartford was engaged in Tennessee, at all relevant times, in the business of corporate paid suretyship for purposes of writing construction, payment and/or discharge bonds, including the bond at issue in this lawsuit in connection with the Project;

  g.  Defendant Hartford is authorized by the Tennessee Commissioner of Insurance to transact business within the State of Tennessee for purposes of writing and issuing bonds, including the bond at issue in this lawsuit;

  h.  The harm incurred by Plaintiff as a result of Defendant ADVON's failure to meet its contractual obligations to Plaintiff occurred in Tennessee; and

  i.  Defendants, upon information and belief, have such other and further contacts with Tennessee such that personal jurisdiction over Defendants in Tennessee is appropriate.

9. Plaintiff's claims against Defendants arise out of and relate to their substantial activities within Tennessee.

10. Venue for this case is proper in this judicial district pursuant to the Miller Act because the federal Project at issue in this matter is located in this district.

11. This Court has jurisdiction over the subject matter for this action and parties, and venue is proper in this judicial district pursuant to the Miller Act.

12. Plaintiff filed this action within all applicable statutes of limitation and repose, and all conditions precedent to Plaintiff bringing this action have been performed or have occurred.

## FACTUAL ALLEGATIONS

13. The United States of America, upon information and belief, acting by and through the Department of Veterans Affairs, is the owner ("Owner") of the Project.

14. Defendant ADVON, upon information and belief, entered into a contract ("Prime Contract") with the United States of America, acting by and through the Department of Veterans Affairs or another of its agencies, for the construction of a federal project.

15. In connection with the Prime Contract, upon information and belief, Defendant Hartford, as surety, and Defendant ADVON, as principal, issued a Payment Bond (the "Payment Bond").

16. Defendants ADVON and Hartford issued the Payment Bond and bound themselves, jointly and severally, to ensure payment by ADVON and its subcontractors and suppliers of the claims of all persons furnishing labor, materials, and equipment in prosecution of the Project, including Plaintiff, pursuant to the Miller Act.

17. Defendant ADVON and Plaintiff entered into Standard Form Construction Subcontract, dated July 19, 2021 ("Subcontract"), for Plaintiff to act as a first-tier subcontractor to ADVON on the Project, and to provide work, labor, materials, and equipment to the Project. A true and accurate copy of the Subcontract is attached to this Complaint as **Exhibit A**, and is incorporated herein by reference.

18. ADVON engaged Plaintiff to perform the scope of work on the Project listed in the Subcontract.

19. ADVON agreed in the Subcontract to pay Plaintiff on a timely basis for the work, labor, materials, and equipment provided by Plaintiff in connection with the Project pursuant to the terms of the Subcontract.

20. On or about November 1st, 2021, Plaintiff first furnished labor and materials on the Property.

21. During the course of Plaintiff's work on the Project, Plaintiff timely performed its work in a good and workmanlike manner.

22. During the course of Plaintiff's work on the Project, Defendant ADVON and its agents directed and authorized Plaintiff to perform work during regular, periodic meetings and through other communications.

23. Defendant ADVON and the Owner accepted, utilized and benefitted from the work performed by Plaintiff.

24. Plaintiff repeatedly requested payment from Defendant ADVON to no Avail and is currently owed an amount not less than $328,587.77, which amount is equal to $122,679.49 in unpaid Subcontract balances and $205,908.28 in changes and additional compensation to which Plaintiff is entitled under the Subcontract.

25. ADVON has failed and refused to compensate Plaintiff for the labor, services and materials provided on the Project.

26. Plaintiff has satisfied all conditions precedent to bringing this action and the recovery of the damages sought in this Complaint.

27. Defendant ADVON has failed to fully and timely pay Plaintiff the amount due and owing for all labor and materials that Plaintiff provided on the Project, pursuant to the Subcontract, as amended and modified through change orders.

## FIRST CLAIM FOR RELIEF:
## BREACH OF CONTRACT
### (Against Defendant ADVON)

28. The allegations of the preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

29. Plaintiff and ADVON entered into the Subcontract, as modified by change orders, pursuant to which Plaintiff would perform certain work, labor, materials, and equipment on the Project.

30. The Subcontract is supported by adequate consideration, and a valid, binding, and enforceable contract between Plaintiff and ADVON.

31. Plaintiff timely, fully and properly performed its obligations under the Subcontract.

32. ADVON breached the Subcontract by failing and refusing to pay the amounts due and owing to Plaintiff.

33. ADVON's breach of the Subcontract has directly and proximately caused damages to Plaintiff.

34. Plaintiff is entitled to recover all of its damages from ADVON, including but not limited to an amount of at least $328,587.77 for the work performed by Plaintiff, plus other consequential damages, interest, costs, attorneys' fees, in an amount to be proven at trial, and such other relief the Court may deem just and proper.

## SECOND CLAIM FOR RELIEF:
## CLAIM AGAINST BOND
### (Against and/or Through Defendants ADVON and Hartford)

35. The allegations of the preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

36. Defendant ADVON contracted with and directed Plaintiff provide work, labor, materials, and equipment with the intent that they be used on and for the benefit of the Project and were in fact used on the Project and for the benefit of the Project.

37. Plaintiff last supplied work, labor, materials, and equipment on the Project on or after December 21, 2022.

38. A period of more than ninety (90) days has elapsed since the date that Plaintiff last supplied work, labor, materials, and equipment on the Project.

39. Plaintiff has not been paid in full for the work, labor, materials, and equipment that it provided on the Project.

40. Plaintiff is entitled to recover a Judgment against Defendants ADVON and Hartford, jointly and severally, pursuant to the Payment Bond and the Federal Miller Act in an amount of at least $328,587.77 for the work, labor, materials and equipment provided by Plaintiff on the Project, plus other consequential damages, interest, costs, attorneys' fees, in an amount to be proven at trial, and such other relief the Court may deem just and proper.

41. Plaintiff has satisfied all conditions precedent for the prosecution of this action on the Bond and has otherwise perfected its rights and entitlement to payment under the Payment Bond.

42. Plaintiff is a named, intended, direct and/or third-party beneficiary under the Payment Bond and a proper claimant under the Payment Bond.

43. Plaintiff has timely commenced this Civil Action.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth its allegations and claims against Defendants, respectfully prays the Court to grant the following relief:

1. That Plaintiff have and recover from Defendants a judgment in the amount of at least $328,587.77, plus other consequential damages, interest, costs, attorneys' fees, in an amount to be proven at trial, and such other relief the Court may deem just and proper;

2. That interest at the maximum rate be taxed against Defendants on all amounts found to be due and owing to Plaintiff from the date of breach or other unlawful conduct until the date of judgment;

3. That interest at the maximum rate be taxed against Defendants on all amounts found to be due and owing to Plaintiff from the date of judgment until paid in full;

4. A judgment against Defendants, jointly and severally, under the Payment

6

Case 2:23-cv-00178-CLC-CRW    Document 1    Filed 12/21/23    Page 6 of 7    PageID #: 6

Bond in the amount of not less than $328,587.77, and that Plaintiff be paid all amounts it is owed from the Payment Bond;

      5.     That Plaintiff recover of Defendants the full amount of costs of this action and attorneys' fees incurred by Plaintiff, if allowed by contract or law, the total amount of such fees to be proved at trial; and

      6.     That Plaintiff recover further relief that the Court deems just and proper.

This the 21st day of December, 2023.

                                        H20 PRUF LLC

                                        S/Christopher P. Capps
                                        Christopher P. Capps – BPR #010403
                                        Attorney for Plaintiff
                                        1004 West First N. Street
                                        Morristown, TN 37814
                                        (423) 586-3083
                                        cpcapps@cccblaw.com